UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN FROST,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>CHILD AND FAMILY SERVICES OF SAN BERNARDINO COUNTY, and SAN BERNARDINO JUVENILE COURT,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:20-cv-2402-JLS-BLM<br><br>**ORDER DENYING MOTION TO PROCEED IFP**<br><br>(ECF No. 6) |

 Plaintiff Ryan Frost, proceeding *pro se*, filed this action against Defendants Child and Family Services of San Bernardino County and San Bernardino Juvenile Court on December 8, 2020.  *See* ECF No. 1.  Plaintiff is alleging Fourth and Fourteenth Amendments violations based on Defendants placing Plaintiff's three children in foster care.  When Plaintiff failed to pay the filing fees required by 28 U.S.C. § 1914(a), the Court dismissed Plaintiff's action but granted him leave to either pay the filing fee or file a motion to proceed *in Forma Pauperis* ("IFP").  ECF No. 4.  Plaintiff subsequently filed the present Motion for Leave to Proceed IFP ("Mot.," ECF No. 6).  For the reasons set forth below, the Court **DENIES** Plaintiff's Motion to Proceed IFP with leave to pay the filing fee.

///

  Under 28 U.S.C. § 1915(a), the Court may authorize a plaintiff to pursue a case without payment of the filing fee. Whether an affiant has satisfied § 1915(a) falls within "the reviewing court['s] . . . sound discretion." *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993). A party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *United States v. McQuade*, 647 F.3d 938, 940 (9th Cir. 1981). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar." *Temple v. Ellerthorp*, 586 F. Supp. 848, 850 (D. R.I. 1984).

  In *Escobeda*, for example, the filing fees constituted 40% of the plaintiff's monthly income before factoring in her expenses. *Escobedo*, 787 F.3d at 1235. Taking into account the plaintiff's rent and debt payments, the filing fee would have required the entirety of two months' worth of her remaining funds, meaning that the plaintiff "would have to forgo eating during those sixty days, to save up to pay the filing fee." *Id.* Under those circumstances, the Ninth Circuit determined that paying the filing fee would constitute a significant financial hardship to the plaintiff. *Id.* Accordingly, the court reversed the magistrate judge's ruling denying the plaintiff IFP status. *Id.* at 1236.

  Here, the Court concludes that Plaintiff has not met his burden of demonstrating that payment of the filing fee would constitute an undue financial hardship. The IFP application indicates that Plaintiff's monthly income is $4,000.09. (Mot. at 1.) Plaintiff indicates he has no assets and $0 in cash or in a checking or savings account. (*Id.* at 2.) Plaintiff's

///

///

monthly debts and obligations total $3,231.[1] (*Id.*) Plaintiff lists attorney's fees and bail totaling $400 under outstanding debts. (*Id.*) Plaintiff's wife is the only person dependent on him for support. (*Id.*) The amount of money Plaintiff indicates he expects to continue to receive on a monthly basis exceeds his monthly debts and obligations by more than $750. Before factoring in expenses, the filing fee constitutes 10% of Plaintiff's monthly income.

Based on this information, the Court finds Plaintiff has not shown he cannot pay the court costs and still afford the necessities of life. The amount of money Plaintiff indicates he expects to receive on a monthly basis exceeds his expected monthly debts and obligations by enough that he could pay the one-time filing fee without impacting his regular expenses.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP (ECF No. 6) is **DENIED**;

2. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to prepay the filing fee mandated by 28 U.S.C. §1914(a); and

3. Plaintiff is **GRANTED** thirty (30) days from the date on which this Order is electronically docketed in which to reopen his case by paying the entire $402 statutory and administrative filing fee.

If Plaintiff fails to pay the $402 filing fee in full, this action will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

**IT IS SO ORDERED.**

Dated: March 30, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[1] Plaintiff incorrectly states his total monthly expenses equal $3,381. (Mot. at 2.) Plaintiff lists his expenses as mortgage ($1423); transportation ($200); utilities ($420); auto loans ($988); and auto insurance ($200). (*Id.*) This equals a total of $3,231.